IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

S&S PHARMACY, INC., dba
RX EXPRESS PHARMACY OF PASCAGOULA                       PLAINTIFF

v.                                          CAUSE NO. 1:16CV269-LG-RHW

XEROX AUDIT AND COMPLIANCE
SOLUTIONS, LLC                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND**

BEFORE THE COURT is the Motion [5] to Remand, filed by the plaintiff, S&S Pharmacy, Inc., d/b/a RX Express Pharmacy of Pascagoula. S&S's Complaint concerns an allegedly unjustified $1029 "billback" for prescription medications that it contends was caused by negligent actions of Xerox Audit and Compliance Solutions, LLC.

S&S filed this lawsuit in Jackson County, Mississippi, and Xerox removed it to this Court on the basis of diversity of citizenship. S&S seeks remand to the County Court of Jackson County, arguing that although the parties are diverse, the amount in controversy is not more than $75,000. The issues have been fully briefed. After due consideration of the parties' submissions and the relevant law, it is the Court's opinion that it does not have jurisdiction in this case. Accordingly, the Motion to Remand will be granted.

DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs, and the civil action is between citizens of different states. The burden is on the party who removed the case to federal court to demonstrate that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

S&S brings claims of negligence, breach of contract, and violation of Mississippi's Pharmacy Audit Integrity Act, Miss Code Ann. § 73-21-175, *et seq.*, against Xerox as S&S's pharmacy auditor. S&S alleges that "the amount in controversy being plead does not exceed $75,000.00." (Am. Compl. 1 (¶3), ECF No. 1-2). The amount of actual damages is alleged to be $1029.60 under each theory of recovery. S&S seeks "actual and compensatory damages, including incidental, consequential, and punitive damages." (Am. Compl. 5, ECF No. 1-2).

The basic rules for determining the amount in controversy are well established. As a general rule, in cases where an exact amount has been pled, "'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938)). *See also Nat. Union Fire Ins. Co. of Pittsburgh v. Russell,* 972 F.2d 628, 630 (5th Cir. 1992) (amount in controversy is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith). However, "if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover

that amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 n.14 (5th Cir. 1995).

S&S has pled an exact amount of actual damages in its Amended Complaint – $1209.60 – and has further alleged that the amount in controversy does not exceed $75,000. S&S's allegations control unless Xerox can prove by a preponderance of the evidence that the amount in controversy is actually more than $75,000. Xerox contends that S&S's demand for unspecified punitive damages meets the jurisdictional minimum as a matter of law, citing *Walker v. Scales*, No. 1:13cv227-SA-DAS, 2014 WL 670216 (N.D. Miss. Feb. 20, 2014), and other cases standing for the same proposition.

The Court may take a demand for unspecified punitive damages into account when determining the amount in controversy, but it is doubtful that S&S's allegations would allow a jury to consider an award of punitive damages. Punitive damages are only appropriate in the "most egregious cases," where the actions are "extreme." *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 442 (¶20) (Miss. 1999). S&S accuses Xerox of a negligent audit, asserting that Xerox did not follow its own auditing policies and the standards of the Pharmacy Audit Integrity Act. These allegations do not describe "extreme" actions.

Even assuming that S&S's allegations are sufficient to allow an award of punitive damages under Mississippi law, there is little possibility that such an award could bring the amount in controversy above $75,000. Due process does not generally allow punitive damages more than four times the amount of

compensatory damages. *Bridges v. Freese*, 122 F. Supp. 3d 538, 551 (S.D. Miss. 2015) (citing *Pacific Mut. Life Ins. v. Haslip,* 499 U.S. 1, 23–24 (1991) (stating that a punitive damages award of more than four times the amount of compensatory damages "might be close to the line of constitutional impropriety")). Four times $1029 is an amount far below the jurisdictional minimum. The Court therefore concludes that S&S's demand for an amount that does not exceed $75,000 controls. As the jurisdictional amount has not been demanded, this case will be remanded for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [5] to Remand filed by Plaintiff S&S Pharmacy, Inc., d/b/a RX Express Pharmacy of Pascagoula, is **GRANTED**. The above styled and numbered cause should be, and is hereby **REMANDED TO THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI**, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 30th day of August, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE